UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARION GRAHAM, and<br>DANIELLE LAVACS individually and<br>on behalf of similarly situated persons, | ) ) ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| | ) | |
| THE WORD ENTERPRISES-PERRY,<br>L.L.C., previously known as "THE WORD<br>ENTERPRISES, L.L.C."; THE WORD<br>ENTERPRISES-HASLETT LLC; THE<br>WORD ENTERPRISES-LANSING, L.L.C.;<br>THE WORD ENTERPRISES-OWOSSO,<br>L.L.C.; THE WORD ENTERPRISES-ST.<br>JOHNS, L.L.C.; DITTRICH<br>INVESTMENTS II, INC., WAM FOODS,<br>INC.; VAC FOODS, INC.; KEVIN<br>DITTRICH; DOMINIC CARBONE; and<br>DOES 1-20 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

There is a related, pending case arising out of the same
transaction or occurrence alleged in the complaint:
*McFarlin v. Dittrich, et al.*, Case No. 16-cv-12536-GAD-APP (E.D. Mich.)

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Marion Graham and Danielle Lavacs, individually and on behalf of

all other similarly situated delivery drivers (other than those excluded per the class

1

definitions below), for their Collective and Class Action Complaint against Defendants, allege as follows:

1.      Defendants have together owned and operated a chain of at least 11, and possibly more, "Hungry Howie's" pizza franchise stores administering and compensating delivery drivers in the same way as alleged below in violation of state and federal law.

2.      Defendants' delivery drivers drive their own automobiles to deliver pizza and other food items to Defendants' customers. Defendants do not reimburse their drivers for the reasonable cost of driving their vehicles in Defendants' employ; and, as a result of Defendants' reimbursement practices, the drivers' wages fall below the federal and Michigan minimum wages during some or all work weeks (nominal wages – unreimbursed vehicle expenses = subminimum net wages).

3.      Plaintiffs Marion Graham and Danielle Lavacs ("Plaintiffs") bring this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and as a class action under the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL 408.411 *et seq.,* to recover unpaid minimum wages owed to her and similarly situated delivery drivers employed by Defendants at their Hungry Howie's stores.

## Jurisdiction and Venue

4.     The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. §216(b) and 28 U.S.C. §1331 (federal question jurisdiction). This Court maintains jurisdiction over Plaintiffs' WOWA claim pursuant to 28 U.S.C. § 1367 (pendant claims) and MCL 408.419(1)(a).

5.     Venue in this district is proper under 28 U.S.C. §1391 because Defendants operate Hungry Howie's franchise stores in this district, Defendants employed Plaintiffs in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## Parties

6.     Defendants The Word Enterprises-Perry, L.L.C., previously known as "The Word Enterprises, L.L.C.," The Word Enterprises-Haslett, LLC, and The Word Enterprises-St. Johns, L.L.C. are Michigan limited liability companies maintaining their principal place of business at 5744 South Freigel Road, Owosso, Michigan, which is located within the Eastern District of Michigan.

7.     Defendants The Word Enterprises-Lansing, L.L.C., and The Word Enterprises-Owosso, L.L.C., are Michigan limited liability companies maintaining their principal place of business at 405 East Main Street, Owosso, Michigan, which is located within the Eastern District of Michigan.

3

8.      Defendants WAM Foods, Inc., VAC Foods Inc. and Dittrich Investments II, Inc. are Michigan Corporations with their principal place of business also at 5744 South Friegel Road, Owosso, Michigan, which is located within the Eastern District of Michigan.

9.      Defendant Kevin Dittrich is a *sui juris* individual residing in the Eastern District of Michigan, and is the owner, co-owner and/or operator of Defendants The Word Enterprises-Perry, L.L.C., The Word Enterprises-Haslett, LLC, The Word Enterprises-St. Johns, L.L.C., The Word Enterprises-Lansing, L.L.C., and The Word Enterprises-Owosso, L.L.C., WAM Foods, Inc., VAC Foods Inc., and Dittrich Investments II, Inc. (collectively, "Defendant Entities").

10.     Defendant Dominic Carbone is a *sui juris* individual residing in the Eastern District of Michigan, is an owner, co-owner, and/or operator of the Defendant Entities.

11.     Defendants Does 1-20 inclusive are to be identified later through discovery as corporate entities and/or individuals who, together with the other identified Defendants, form a single enterprise and/or constitute joint employers under the FLSA and state law or are otherwise liable for the conduct alleged.

12.     The Defendant Entities comprise a "single integrated employer" as they share interrelation of operations, common management, centralized control of

4

labor relations, coordination of delivery driver compensation policies, and/or common ownership.

13.     Alternatively or cumulatively, the Defendant Entities constitute "joint employers" because the delivery drivers' work simultaneously benefits all Defendants and each Defendant acts directly or indirectly in the interest of all other Defendants in relation to the delivery drivers and/or Defendants are not completely disassociated with respect to the employment of the delivery drivers and may be deemed to share control of the delivery drivers, directly or indirectly, by reason of the fact that all Defendants are under common control. 29 C.F.R. § 791.2(b).

14.     Defendants Dittrich, Carbone, and individual Does are liable under the FLSA and WOWA's broad definitions of "employer" because they own the Defendant Entities, have operational control of the Defendant Entities, ultimately control significant aspects of the Defendant Entities' day-to-day functions, ultimately control the manner and methods of employees' work, and/or ultimately control compensation of employees. 29 U.S.C. §203(d); MCL 408.412(d).

15.     Plaintiff Graham is an individual who was employed by Defendants from approximately June 2014 to August 2015 as a delivery driver at their Hungry Howie's store located in Durand, Michigan, which is located within the Eastern District of Michigan. Ms. Graham's consent to bring this action pursuant to 29 U.S.C. §216(b) is contemporaneously filed with the Court.

5

16.    Plaintiff Lavacs is an individual who was employed by Defendants from approximately April 2017 to November 2017 as a delivery driver at their Hungry Howie's store located in Durand, Michigan. Ms. Lavacs's consent to pursue this action pursuant to 29 U.S.C. §216(b) is contemporaneously filed with the Court.

## General Allegations

### *Defendants' Business*

17.    Defendants together have owned and operated a chain of at least 11 Hungry Howie's pizza franchise stores in the central Michigan area. Among others yet unknown, these restaurants include:

a.    Hungry Howie's Store No. 51 (unknown corporate entity), located on West Holmes Rd. in Lansing, which is jointly owned by Defendants Kevin Dittrich and Dominic Carbone;

b.    VAC Foods, Inc., d/b/a Hungry Howie's Store No. 63, located on Waverly Road in Lansing, which is jointly owned by Defendants Kevin Dittrich and Dominic Carbone and possibly others;

c.    WAM Foods Inc., d/b/a Hungry Howie's Store No. 84, located on N. Harrison St. in East Lansing, which is jointly owned by Defendants Kevin Dittrich and Dominic Carbone and possibly others;

d.   Hungry Howie's Store No. 570 (unknown corporate entity), located on Lake Lansing Rd. in East Lansing, which is jointly owned by Defendant Kevin Dittrich and others;

e.   Hungry Howie's Store No. 1000 (unknown corporate entity) in Haslett, Michigan, which is jointly owned by Defendant Kevin Dittrich and others;

f.   Hungry Howie's Store No. 1031 (unknown corporate entity), located in Durand, Michigan, which is and owned in part by Kevin Dittrich through Defendant Dittrich Investments II, Inc.;

g.   Hungry Howie's Store No. 1049 (unknown corporate entity), located in Holt Michigan, which is at least 45% owned by Kevin Dittrich;

h.   Hungry Howie's Store No. 1096 (unknown corporate entity), located at Perry, Michigan, which is owned at least in part by Kevin Dittrich;

i.   Hungry Howie's Store No. 568 in St. Johns, Michigan, which is no longer in operation but was owned in at least part by Kevin Dittrich; and

j.   Hungry Howie's Store in Owosso, Michigan, which is no longer in operation but was owned in at least part by Kevin Dittrich.

18.    Defendants employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### Pending Litigation

19.    A previously filed suit, titled *McFarlin v. Dittrich, et al.,* Case No. 16-cv-12536-GAD-APP (E.D. Mich.) ("*McFarlin* Case"), relates to the same conduct and some of the same Defendants, raises the same or similar legal and factual issues, and constitutes a related action for purposes of consolidation.

### Defendants' Pay Practices

20.    Michigan's minimum wage was $8.15 per hour from September 1, 2014 through December 31, 2015, was $8.50 per hour in 2016, and was $8.90 per hour in 2017, and $9.25 per hour in 2018. MCL 408.414(1).

21.    At all relevant times, Defendants have paid Plaintiffs and their other delivery drivers the exact Michigan minimum wage after application of a tip credit applied to the time the drivers spend delivering pizzas.

### Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations

22.    Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

8

23.    Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the benefit of Defendants.

24.    Defendants reimburse their delivery drivers $0.75 cents per delivery for deliveries. At Plaintiff's store in Perry, Michigan, Defendants reimburse delivery drivers an additional fixed amount per delivery for deliveries to Laingsburg, Michigan.

25.    Plaintiff Graham's average round-trip delivery distance was at least 6 miles.

26.    Given an average round-trip distance of at least 6 miles per delivery, the per-delivery reimbursement provided to Plaintiff Graham equates to approximately $0.125 per mile ($0.75 ÷ 6 miles).

27.    Defendants' reimbursement rate falls far below the IRS business mileage reimbursement rate during the longest FLSA limitations period of $0.535 - $0.575 or any other reasonable approximation of the cost to own and operate a motor vehicle, such as the American Automobile Association's ("AAA's") determination that the average cost of owning and operating a vehicle ranged between $0.531 and $0.58 per mile during the longest FLSA limitations period for drivers who drive a sedan 15,000 miles per year.

9

28.     Furthermore, the driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as and in the manner of a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

29.     Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiffs and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

30.     Using the lowest IRS standard business mileage rate in effect during Plaintiff Graham's employment as a reasonable estimate of Plaintiff Graham's per-mile vehicle costs, every mile driven on the job decreased Plaintiff Graham's net wages by approximately $.435 ($0.56 - $0.125) per mile.

31.     Considering Plaintiff Graham's estimate of at least 6 round-trip miles per delivery, Defendants under-reimbursed her about $2.61 per delivery ($0.435 x 6 miles) or more.

32.     During her employment by Defendants as a delivery driver, Plaintiff Graham typically averaged approximately 2 deliveries per hour.

33.     Thus, Plaintiff Graham consistently "kicked back" to Defendants approximately $5.22 per hour ($2.61 per delivery x 2 average deliveries per hour), for an effective hourly wage rate of about $2.93 ($8.15 per hour - $5.22 kickback).

34.     Defendants failed to reasonably reimburse the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

35.     All of Defendants' delivery drivers had similar experiences to those of Plaintiff Graham. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable Michigan minimum wage before deducting unreimbursed business expenses (assuming, for this purpose only, that defendants lawfully invoked and administered their purported tip credit).

36.     While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants relied on the same flawed policy and methodology with

11

respect to all delivery drivers at all of their Hungry Howie's stores. Thus, although reimbursement amounts may differ somewhat over time, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

37.     Defendants made no effort to track or reimburse actual expenses incurred by their delivery drivers.

38.     Defendants instead used a uniform per-delivery reimbursement model.

39.     Defendants' low reimbursement rates were a frequent complaint of at least some their delivery drivers, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

40.     The net effect of Defendants' flawed pay and reimbursement policies is that they willfully fail to pay the state and federal minimum wage and overtime to their delivery drivers.

**Class and Collective Action Allegations**

41.     Plaintiffs bring Count I under the FLSA as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. §216(b), to the extent that similarly situated delivery drivers have not opted-in to the related *McFarlin* Case.

42.    The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

43.    Plaintiffs, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or email.

44.    Plaintiffs and all of Defendants' delivery drivers are similarly situated in that:

a.    They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.    They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.    Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.    They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.    They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

13

f.   They were subject to the same pay policies and practices of Defendants;

g.   They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.   They were reimbursed similar set amounts of automobile expenses per delivery; and

i.   They were paid similar minimum wage rates.

45.   Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representative of the following persons ("the Class"):

> Employees of Defendants who worked as delivery drivers in the State of Michigan since the date three years preceding the filing of this Complaint, excepting those that have been or are subsequently certified as part of a certified Rule 23 Class in the *McFarlin* Case.

46.   Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

47.   Plaintiffs' state law claims asserted in Count II satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of

14

a class action pursuant to Fed. R. Civ. P. 23.

48.    The Class sought in Count II satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

49.    Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a.    Whether they have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.    Whether they have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.    Whether Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.    Whether they incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.    Whether they were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.    Whether they were subject to the same pay policies and practices of Defendants;

15

g.   Whether they were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the Michigan minimum wage in some or all workweeks;

h.   Whether they were reimbursed similar set amounts of automobile expenses per delivery; and

i.   Whether they were paid near the federal and state minimum wage before deducting unreimbursed business expenses.

50.   The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

51.   Plaintiffs' claims are typical of those of the Class sought in Count II in that:

a.   Plaintiffs and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.   Plaintiffs and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.   Defendants required Plaintiffs and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d.   Plaintiffs and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

e.   Plaintiffs and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.   Plaintiffs and the Class were subject to the same pay policies and practices of Defendants;

g.   Plaintiffs and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the Michigan minimum wage in some or all workweeks;

h.   Plaintiffs and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i.   Plaintiffs and the Class were paid at similar wage rates before deducting unreimbursed vehicle expenses.

52.   Plaintiffs are adequate representatives of the Class sought in Count II because they are members of the Class and their interest does not conflict with the

interest of the members of the Class they seek to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

53.     Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

54.     It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I
### Violation of the Fair Labor Standards Act of 1938 by Paying Sub-Minimum Net Wages After Deducting Un-Reimbursed Vehicle Expenses

55.     Plaintiffs reassert and re-allege the allegations set forth above.

56.   Defendants are subject to the FLSA's minimum wage requirements because they form an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

57.   At all relevant times herein, Plaintiffs and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, *et seq*.

58.   Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated delivery drivers.

59.   The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

60.   Under Section 6 of the FLSA, codified at 29 U.S.C. §206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

61.   As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum

19

wage.

62.     Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

63.     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

64.     Plaintiffs and all similarly situated delivery drivers have been subjected to a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

65.     Plaintiffs and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was unlawful.

66.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled

to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. §216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

67.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. §216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I Plaintiffs and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II
### Violation Of Michigan State Minimum Wage Law (WOWA)

68.     Plaintiffs reassert and re-allege the allegations set forth above.

69.     The WOWA provides that "[a]n employer shall not pay any employee

21

at a rate that is less than prescribed." MCL 408.413.

70.    The WOWA requires employers to pay employees a minimum hourly wage of $7.40 beginning September 1, 2014 through December 31, 2015; and $8.50 beginning January 1, 2016, $8.90 beginning in January 2017, and $9.15 beginning January 1, 2018. MCL 408.414(1).

71.    At all times relevant to this action, Plaintiffs were "employees" of Defendant within the meaning of the WOWA.    MCL 408.412(c).

72.    At all times relevant to this action, Defendants were an "employer" within the meaning of the WOWA.    MCL 408.412(d).

73.    At all relevant times herein, Plaintiffs and members of the proposed Rule 23 Class have been entitled to the rights, protections, and benefits provided by the WOWA.

74.    As described in the preceding paragraphs, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the state minimum wage.

75.    Defendants, pursuant to their policy and practice, violated the the WOWA by refusing and failing to pay state minimum wage for all hours worked to Plaintiffs and members of the proposed Rule 23 Class.

76.    Plaintiffs and members of the proposed Rule 23 Class have been

22

subjected to a uniform and employer—based compensation and reimbursement policy. This uniform policy, in violation of the WOWA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

WHEREFORE, Plaintiffs and members of the proposed Rule 23 Class are entitled to damages equal to the applicable minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date of filing, an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under MCL 408.419(1)(a), as well as reasonable attorneys' fees and expenses incurred in the prosecution of this action and all other remedies due to plaintiffs at law or equity.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

_____/s *David M. Blanchard*_____
David M. Blanchard (MI #P67190)
Blanchard & Walker PLLC
221 North Main Street, Suite 300
Ann Arbor, MI 48104
Telephone:  (734) 929-4313
blanchard@bwlawonline.com

and

23

Mark Potashnick (MO Bar # 41315)
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone:   (314) 997-9150
Facsimile:   (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFF**

Date: January 15, 2018