UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARION LEA GRAHAM, ET AL.,
individually and on behalf of similarly
situated persons,

Plaintiffs,

v.

THE WORD ENTERPRISES PERRY, LLC
ET AL.,

Defendants.
_____/

Case No. 18-cv-0167

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [# 31]</u>**

**I. INTRODUCTION**

Presently before the Court is Plaintiff's First Amended Complaint against Defendant alleging violations of the Federal Labor Standards Act ("FLSA") and the Michigan Workforce Opportunity Wage Act ("WOWA"). Pending before the Court is Defendants' Kevin Dittrich and Dittrich Investments II, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. No. 31. For the reasons discussed below, the Court will grant in part and deny in part Defendants' Motion to Dismiss.

**II. FACTUAL BACKGROUND**

This case is a companion to another case before this Court, *McFarlin v. The Word Enterprises, et al.*, case number 16-cv-12536 ("McFarlin"). Defendant Kevin Dittrich is an owner of Defendant Dittrich Investments, II, Inc. ("Dittrich II"). Dkt. No. 31, pg. 13 (Pg. ID 480). Defendant Mr. Dittrich has been an owner of several Hungry Howie's franchise stores in Michigan through his Dittrich II company. *Id.* The named Plaintiffs in this complaint are former delivery drivers at a Hungry Howie's store in Durand, Michigan. Dkt. No. 28, pgs. 5–6 (Pg. ID 347–46). The Durand store was previously owned in part by Mr. Dittrich through Dittrich II. Dkt. No. 31, pg. 13 (Pg. ID 480). The named Plaintiffs did not opt-in to the *McFarlin* case and are not members of the certified Rule 23 class in *McFarlin*. *Id.* Defendants require pizza delivery drivers to use and maintain their personal vehicles to make pizza deliveries. Dkt. No. 28, pg. 9 (Pg. ID 351). Defendants pay delivery drivers a cash wage that is below the federal and state minimum wages, and take a tip credit to get drivers' salaries to equal the exact minimum wage. *See id.* at pg. 21 (Pg. ID 363). Delivery drivers incur costs for gas, repair, maintenance, depreciation, and other expenses while driving their cars to make deliveries. *Id.* at pg. 9 (Pg. ID 351). Plaintiffs allege that with vehicle expenses, they are paid wages below the federal and state minimum wages. *Id.* at pg. 21, 25 (Pg. ID 363, 367).

On January 15, 2018, Plaintiffs brought their complaint on behalf of themselves and all similarly-situated individuals. Dkt. No. 1. On April 26, 2018,

Plaintiffs filed their First Amended Complaint. Dkt. No. 28. Defendants Mr. Dittrich and Dittrich II filed the present Motion to Dismiss on May 10, 2018. Dkt. No. 31. On May 15, 2018, the remaining Defendants filed a Response and Request for Concurrent Relief. Dkt. No. 33. The Motion requests that the Court grant the non-moving Defendants the same relief as it grants Mr. Dittrich and Dittrich II. *Id.* at pg. 2 (Pg. ID 532). The Plaintiffs responded in opposition to Defendants' Motion to Dismiss on May 31, 2018. Dkt. No. 35. In their response, Plaintiffs also asserted that this Court should not grant concurrent relief to the non-moving Defendants because the non-moving Defendants are required to file a separate motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at pg. 5 n.1 (Pg. ID 541). Defendants filed a reply on June 5, 2018. Dkt. No. 36.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some

corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

## IV. DISCUSSION

Defendants' Motion brings three grounds on which they argue this Court should dismiss Plaintiffs' First Amended Complaint. First, Defendants argue that Plaintiffs lack standing to bring Count I because the Durand store where Plaintiffs worked is not a party to Count I. Dkt. No. 31, pg. 20 (Pg. ID 487). Second, Defendants argue that Counts I and II fail to state a claim that Defendants are unable to take a tip credit up to the minimum wage. *Id.* Third, Defendants argue that the remainder of Count II fails to state a claims because unreimbursed automobile expenses are not factored into the minimum wage under WOWA. *Id.*

1. **Standing**

The named Plaintiffs in this action are former delivery drivers who worked at the Hungry Howie's store in Durand, Michigan. Dkt. No. 28, pgs. 5–6 (Pg. ID 347–46). However, Count I of Plaintiffs' complaint excludes the Durand location, where Plaintiffs worked, from its list of Defendant stores. *Id.* at pg. 13–14 (Pg. ID 355–56). Therefore, Defendants argue that Plaintiffs lack standing to bring Count I of their complaint because Plaintiffs excluded themselves from Count I. Dkt. No. 31, pg. 21 (Pg. ID 488). Plaintiffs assert that they have standing to bring Count I because they allege that all of the Defendants are a single enterprise and/or joint employer. Dkt. No. 35, pg. 11 (Pg. ID 547).

To establish standing, a plaintiff must allege an "(1) an injury-in-fact, which is (2) fairly traceable to the defendant's challenged conduct, and that in turn is (3) likely redressable by a favorable judicial decision." *Duncan v. Muzyn*, 885 F.3d 422, 427 (6th Cir. 2018). Defendants presumably assert that Plaintiffs cannot meet elements two or three because the Durand Defendants are not in the complaint. *See* Dkt. No. 31, pg. 22 (Pg. ID 488). Because Plaintiffs allege that Defendant stores are a single enterprise and/or joint employers, this Court finds that Plaintiffs have standing. The Sixth Circuit recognizes the single employer doctrine. Under this doctrine, courts can treat multiple interrelated companies as a single employer. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997).

Thus, as joint employers, all of the Defendants would constitute a single employer. Therefore, the injuries Plaintiffs sustained from the Durand store are injuries that Plaintiffs sustained from any/all of the stores. Accordingly, Plaintiffs' complaint alleges an injury that is traceable to Defendants' conduct.

Further, as joint employers, Defendant stores would be jointly and severally liable for FLSA violations. *See* 29 C.F.R. § 791.2(a) (stating that "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including the overtime provisions, with respect to the entire employment for the particular workweek."); *Kis v. Covelli Enters., Inc.*, No. 4:18-cv-54; 4:18-cv-434, 2018 WL 2227782, at *2 (N.D. Ohio May 16, 2018) (stating that "joint employers are usually jointly and severally liable for FLSA violations"); *LeMaster v. Alt. Healthcare Sols., Inc.*, 726 F. Supp. 2d 854, 864 (M.D. Tenn. 2010) (holding that joint employers were jointly and severally liable for FLSA violations). Consequently, Plaintiffs' allegations against any of the Defendant stores is an allegation for which the Durand store will be liable. Therefore, this Court will deny Defendants' Motion to dismiss Count I of Plaintiffs' complaint for lack of standing. The Court also finds that this holding applies to both the moving and non-moving Defendants because Plaintiffs bring Count I against all of the Defendants.

## 2. Tip Credit

Counts I and II of Plaintiffs' First Amended Complaint alleges that Defendants are not allowed to take a tip credit because they did not give proper notice. Dkt. No. 28, pg. 22, 25 (Pg. ID 364, 367). Defendants argue that this Court's holding in *McFarlin*[1] that Defendants can take a tip credit up to the minimum wage estops Plaintiffs from making this argument. Dkt. No. 31, pg. 23 (Pg. ID 490). Plaintiffs assert that the *McFarlin* opinion never decided whether Defendants' tip credit method is legal or valid. Dkt. No. 35, pg. 12 (Pg. ID 548). Therefore, Plaintiffs cannot be estopped from advancing their tip credit argument. *Id.*

First, this Court must consider whether it can consider its holdings in the *McFarlin* case to determine the tip credit issue in this case. The Sixth Circuit has held that "matters of public record, orders, *items appearing in the record of the case*, and exhibits attached to the complaint" may be taken into account when deciding a motion to dismiss. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis added). Further, documents attached to a defendant's "motion

---

[1] *McFarlin v. The Word Enterprises, LLC et al.*, No. 16-cv-12536, 2018 WL 1410827 (E.D. Mich. March 21, 2018).

to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

Here, Defendants attached this Court's *McFarlin* opinion to its Motion to Dismiss. Dkt. No. 31-2. Plaintiffs refer to the *McFarlin* case in their complaint. Dkt. No. 28, pg. 8 (Pg. ID 350). The tip credit issue, which the *McFarlin* opinion discusses, is central to Plaintiffs' claims. Therefore, it is likely that this Court can consider the *McFarlin* opinion because it is attached to Defendants' motion, Plaintiffs' complaint refers to it, and the opinion address matters that are central to Plaintiffs' claims. Further, Plaintiffs attached this Court's *McFarlin* opinion to its response to Defendants' Motion to Dismiss as Exhibit One. Dkt. No. 32-5. Accordingly, the *McFarlin* opinion is a part of the record in this case. Thus, this Court can also consider the *McFarlin* opinion because it appears in the record of this case. Therefore, this Court will consider the *McFarlin* opinion in its consideration of the tip credit dispute.

Both this case and *McFarlin* name Kevin Dittrich and Dittrich II as defendants. *See McFarlin*, Case 16-cv-12536, Dkt. No. 75. Additionally, both cases name all

of the same defendants, excluding WAM Foods, Inc., VAC Foods, Inc., and Dominic Carbone.[2] Dkt. No. 31, pg. 14 (Pg. ID 481).

*McFarlin* found that it was undisputed that Defendants posted a "Minimum Wage Notice to Tipped Employees" as notice that Defendants intended to take a tip credit. *McFarlin*, No. 16-cv-12536, 2018 WL at *4. This notice was posted in all store locations. *Id.* at *1. The notice stated that Defendants would take just enough tip credit to get each drivers' salary to the exact minimum wage. *Id.* at *4. Therefore, this Court found that Defendants are able to take a tip credit for each delivery driver that is sufficient to equal the exact minimum wage. *Id.* However, this Court held that Defendants are not allowed to use tips in excess of the minimum wage to offset unreimbursed vehicle expenses. *Id.* So, this Court has already held that all Defendants—excluding WAM Foods, Inc., VAC Foods, Inc., and Dominic Carbone—are able to claim a tip credit sufficient to equal the minimum wage. Therefore, Plaintiffs cannot allege that "Defendants are not allowed to claim any of the delivery drivers' tips as wages . . . ." Dkt. No. 28, pg. 22 (Pg. ID 364)." For this reason, Plaintiffs' Counts I and II are dismissed to the extent that they claim Defendants are not allowed to take any tip credit. *See id.* at pg. 22, 25 (Pg. ID 364, 367).

---

[2] WAM Foods, Inc., VAC Foods, Inc., and Dominic Carbone are listed as Defendants in the present case, but are not listed as Defendants in *McFarlin*.

Additionally, this holding extends to all Defendants in this case—including WAM Foods, Inc., VAC Foods, Inc., and Dominic Carbone. WAM Foods, Inc., and VAC Foods, Inc. are companies through which Defendants Mr. Dittrich and Mr. Dominic Carbone own some of their Hungry Howie's franchises. *See id* at pg. 4 (Pg. ID 346). Dominic Carbone is a part owner of the Defendant entities, including the stores, listed in Plaintiffs' complaint. *Id.* All of the Hungry Howie's stores in this case and *McFarlin* posted the same tip credit notice. Thus, all Defendants are implicated in the tip credit holding because Defendants are either the actual Hungry Howie's stores, or the people/entities who own the stores.

In conclusion, this Court will partially grant Defendants' Motion to Dismiss. Count I and Count II of Plaintiffs' complaint (see paragraphs 63 and 79 of Plaintiffs' complaint) are dismissed to the extent that they allege Defendants are not permitted to take any tip credit. This holding extends to all Defendants in this case.

### 3. Unreimbursed Automobile Expenses Under WOWA

The remainder of Count II of Plaintiffs' First Amended Complaint alleges that Defendants did not pay them the minimum wage under WOWA because Defendants failed to adequately reimburse them for automobile expenses. *See* Dkt. No. 28, pg. 25 (Pg. ID 367). Defendants assert that the remainder of Plaintiffs'

Count II should be dismissed because under WOWA, the minimum wage does not consider unreimbursed automobile expenses as a part of the minimum wage. Dkt. No. 31, pg. 30 (Pg. ID 497). Plaintiffs argue that this Court should construe WOWA to prohibit kickbacks to employers. Dkt. No. 35, pg. 20–21 (Pg. ID 556–57).

The FLSA contains an anti-kickback regulation that requires employers to reimburse employees for expenses taken out for the employer's benefit. 29 C.F.R. § 531.35. An example of such an expense are tools of the trade that the employee must provide which is required to perform the job, such as a personal car that an employee operates to make pizza deliveries. *See id.* However, neither the Michigan Workforce Opportunity Wage Act, nor its predecessor the Michigan Minimum Wage Law ("MMWL"), contain an anti-kickback provision. Therefore, the parties are in dispute about whether this Court should construe such a provision to be implicit in WOWA.

Defendants bring two arguments to support their position that this Court should not consider Plaintiffs' automobile expenses as a part of an employee's wages. First, Defendants argue that the definition of "minimum wage" does not include automobile expenses. Dkt. No. 31, pg. 30 (Pg. ID 497). Therefore, Defendants are not required to reimburse delivery drivers for their automobile expenses because these expenses are not deducted from an employee's total wages. *Id.* Defendants

cite the Michigan Supreme Court's decision in *Alexander v. Perfection Bakeries, Inc.* for this proposition. 705 N.W.2d 31 (Mich. Ct. App. 2005). The issue before the *Alexander* court was the correct meaning of the term "minimum wage" in the MMWL and whether "minimum wage" included overtime pay. *Id.* at 33. The court found that "minimum wage" was the lowest hourly wage that may be paid to an employee. *Id.* Therefore, the court held that the term "minimum wage" does not include overtime pay. *Id.*

Defendants in this case argue that automobile expenses cannot be factored into an employees' wages because the *Alexander* court found that "minimum wage" is defined as the lowest hourly wage only. Dkt. No. 31, pg. 30 (Pg. ID 497). However, as noted above, the *Alexander* court was only considering the limited issue of how to define the term "minimum wage." Additionally, the *Alexander* court was considering the definition of the minimum wage in the context of overtime pay. The court was not considering the issue of employer kickbacks and how kickbacks influence the minimum wage definition. Therefore, *Alexander* does not provide dispositive controlling authority over the kickback issue.

Second, Defendants argue that automobile expenses incurred by delivery drivers are fringe benefits and are thus governed by the Michigan Wage and Fringe Benefits Act ("WFBA"). Dkt. No. 31, pg. 33 (Pg. ID 500). Under this statute, fringe benefits are defined as "compensation due an employee *pursuant to a*

-12-

*written contract or written policy* for holiday, time off for sickness or injury, time off for personal reasons or vacation, bonuses, *authorized expenses incurred during the course of employment*, and contributions made on behalf of an employee." M.C.L. 408.471(e) (emphasis added). Defendants assert that automobile expenses are authorized expenses. *See* Dkt. No. 31, pg. 33 (Pg. ID 500). However, Defendants cite no authority for their argument that fringe benefits includes things such as the automobile expenses of delivery drivers. Further, the WFBA states that fringe benefits are compensation due an employee pursuant to a written contract or written policy. *See* M.C.L. 408.471(e). In this case, the record does not reflect the existence of a written contract or policy concerning the payment of automobile expenses.

Plaintiffs cite authority from the Michigan Court of Appeals that has held that reimbursements to employees for clothing, equipment, and travel expenses are not fringe benefits "in the true sense." *Hay v. City of Highland Park*, 351 N.W.2d 622, 625 (Mich. Ct. App. 1984). Similarly, here, Plaintiffs argue that Defendants are required to reimburse them for expenses. The expenses the court remarked on in *Hay* are not the same expenses at issue in this case. However, the *Hay* case suggests that Michigan courts might not consider reimbursements to employees for automobile expenses a fringe benefit.

Plaintiffs assert that it is illogical for WOWA to permit kickbacks because Michigan law expressly prohibits kickbacks. Dkt. No. 35, pg. 21 (Pg. ID 557). The Michigan Penal Code imposes criminal liability for employers who require employees to pay the employer's business expenses. M.C.L. § 750.351. The law states that:

> Any employer or agent . . . who shall demand or receive directly or indirectly from any person when in the employment of said employer, any fee, gift or other remuneration or consideration, or any part or portion of any tips or gratuities received by such employee while in the employment of said employer, in consideration or as a condition of such employment or hiring or employing any person to perform such services for such employer or of permitting said person to continue in such employment is guilty of a misdemeanor.

*Id.* Defendants argue that the Michigan legislature passed the WFBA to provide civil liability for violation of M.C.L. § 750.351. Dkt. No. 36, pg. 6 (Pg. ID 613). Therefore, the WFBA, and not WOWA, covers Plaintiffs claims. *Id.* However, Defendants' argument is misplaced. Plaintiffs do not assert that they are entitled to a remedy under M.C.L. § 750.351. Rather, Plaintiffs use M.C.L. § 750.351 to make a logical argument that WOWA should also be interpreted to prohibit kickbacks. *See* Dkt. No. 35, pg. 21–22 (Pg. ID 557–58). Therefore, the Court need not consider this argument.

Plaintiffs assert that this Court should interpret WOWA's definition of the minimum wage to include reimbursement for expenses taken out on an employer's

behalf. *See* Dkt. No. 35, pg. 20 (Pg. ID 556). Plaintiffs cite *Fakouri v. Pizza Hut of America, Inc.*, for this proposition. 824 F.2d 470 (6th Cir. 1987). In *Fakouri*, Plaintiffs alleged that the MMWL did not allow Defendants to use the fluctuating workweek method of calculating overtime pay. *Id.* at 473. The FLSA allows the fluctuating workweek method. *Id.* The *Fakouri* court noted that Michigan courts have often considered a federal statute's interpretation when interpreting analogous state statutes. *Id.* at 474. Using this logic, the court held that the term "regular rate" in the MMWL should be construed like the term "regular rate" in FLSA. *Id.* Therefore, the court held that the fluctuating workweek method of calculating an employee's regular rate and overtime compensation was authorized by the MMWL. *Id.*

Similarly, here, Plaintiffs assert that this Court should interpret the term "minimum wage" to include reimbursement to employees for expenses taken out on the employer's behalf. *See* Dkt. No. 35, pg. 21 (Pg. Id 557). Plaintiffs argue that because FLSA's interpretation of "minimum wage" includes reimbursement, WOWA's interpretation should also include reimbursement for expenses taken out on the employer's behalf. *Id.* Based on the holding of *Fakouri*, it is plausible that Michigan courts might construe WOWA to require compliance with the minimum wage to include reimbursement for expenses taken out on the employer's behalf. Absent clear authority from Defendants to the contrary, this Court cannot dismiss

Count II of Plaintiffs' complaint for failure to state a claim under WOWA. Additionally, this Court holds that this holding applies to all of the Defendants in this case, because Plaintiffs bring Count II of their complaint against both the moving and non-moving Defendants.

In conclusion, this Court will deny Defendants' Motion to dismiss the remainder of Count II of Plaintiffs' complaint.

### V. CONCLUSION

For the reasons discussed herein, the Court will grant in part and deny in part Defendants' Motion. This Court will not dismiss Count I of Plaintiffs' complaint for lack of standing. This Court will dismiss Counts I and II to the extent that they allege Defendants are not permitted to take any tip credit. This Court will not dismiss the remainder of Count II for failure to state a claim under WOWA.

SO ORDERED.


Dated: June 19, 2018

                                                            s/Gershwin A. Drain
                                                            HON. GERSHWIN A. DRAIN
                                                            United States District Court Judge